United States v. Shaday

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand seventeen.

PRESENT: DENNIS JACOBS,
   DEBRA ANN LIVINGSTON,
    Circuit Judges,
   LEWIS A. KAPLAN,[*]
    District Judge.

- - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
   Appellee,

  -v.-           16-529

YOVA KANA SHADAY, AKA LUCAS AVRAM, AKA LUCAS AMRAM, AKA LUCIS ARON,
   Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -X

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                    Philip L. Weinstein, Federal
                                  Defenders of New York, Inc.,
                                  New York, NY.

FOR APPELLEE:                     Michael P. Robotti, Susan
                                  Corkery, Assistant United
                                  States Attorneys, for Bridget
                                  M. Rohde, Acting United
                                  States Attorney for the
                                  Eastern District of New York,
                                  Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant Yova Kana Shaday, who pleaded guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250(a), appeals from the supervised release part of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." United States v. McIntosh, 753 F.3d 388, 393-94 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

The district court sentenced Shaday to a term of twenty-four months' imprisonment (which was within the Guidelines range of twenty-four to thirty months) followed by ten years' supervised release. The ten-year term of supervised release was within the three-years-to-life Guidelines range calculated by the Probation Department and adopted by the

2

district court.  However, as the government concedes, this calculation was incorrect.  The correct supervised release Guidelines range was a fixed term of five years, half the sentence imposed.[1]

Because Shaday did not object to the Guidelines calculation at the time of sentencing, we review for plain error.  United States v. Villafuerte, 502 F.3d 204, 207-08 (2d Cir. 2007).  Under this standard, the defendant must demonstrate that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 560 U.S. 258, 262 (2010) (brackets and internal quotation marks omitted).

The miscalculation of the Guidelines range -- three years to life rather than a fixed term of five years -- constitutes plain error.  See Molina-Martinez v. United States, 136 S. Ct. 1338, 1349 (2016) (observing that "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range" and that "[t]hat probability is all that is needed to establish an effect on substantial rights"); United States v. Dorvee, 616

---

[1] Section 5D1.2(c) of the Guidelines provides that "[t]he term of supervised release imposed shall not be less than any statutorily required term of supervised release."  Because the statutory minimum term of supervised release for a violation of 18 U.S.C. § 2250 is five years, see 18 U.S.C. § 3583(k), which exceeds the one- to three-year term otherwise applicable to Shaday under § 5D1.2(a)(2), and because the failure to register as a sex offender does not constitute a "sex offense" under § 5D1.2(b)(2) (providing for a supervised release term of up to life), § 5D1.2(c) converts Shaday's supervised release Guidelines range to a fixed term of five years.  See U.S.S.G. § 5D1.2, cmt. n.6.

3

F.3d 174, 182 (2d Cir. 2010) ("If the district court miscalculates the typical sentence at the outset, it cannot properly account for atypical factors and we, in turn, cannot be sure that the court has adequately considered the § 3553(a) factors. That is what happened here, and constitutes procedural error.").

Although we may deem an error harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event," United States v. Mandell, 752 F.3d 544, 553 (2d Cir. 2014), there is no such indication as to the term of supervised release here. See Molina-Martinez, 136 S. Ct. at 1348 (stating that "there [was] at least a reasonable probability that the District Court would have imposed a different sentence" absent the miscalculated Guidelines range when the court "said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range"). The court mistakenly believed it was imposing a within-Guidelines sentence,[2] and it therefore had no occasion to consider an upward departure. Remand is appropriate so that the district court may determine Shaday's term of supervised release in light of the correct Guidelines calculation.

Accordingly, the sentence of the district court is hereby **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] In its Statement of Reasons, the district court checked the box stating that "[t]he sentence is within an advisory guideline range . . . and the court finds no reason to depart."

4